# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## ERIC DEWAYNE MCLEMORE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 277570    Barry A. Steelman, Judge**

**No. E2010-02488-CCA-R3-HC - Filed July 21, 2011**

The Petitioner, Eric Dewayne McLemore, appeals from the habeas corpus court's order denying his petition. The State has filed a motion requesting that this court affirm the habeas corpus court's order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the order of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**.

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Eric Dewayne McLemore, Mountain City, Tennessee, Pro se.

Robert E. Cooper, Attorney General and Reporter, and Sophia S. Lee, Assistant Attorney General.

## MEMORANDUM OPINION

The Petitioner pled guilty to three counts of aggravated robbery, a Class B felony, with the manner of service left to the discretion of the trial court. Following a sentencing hearing, the Petitioner was given an effective sentence of 24 years in the Tennessee Department of Correction. His sentences were affirmed on direct appeal by this court. State v. Eric DeWayne McLemore, No. 03C01-9802-CR-00056, 1999 WL 301489 (Tenn. Crim. App. May 14, 1999), perm. app. denied (Tenn. Nov. 22, 1999). The Petitioner never filed a petition for post-conviction relief. However, the Petitioner filed a petition for a writ of habeas corpus on November 4, 2004, in which he argued that his sentences were void

because he received consecutive and concurrent sentences. The November 2004 petition was apparently dismissed on December 13, 2004.[1] The Petitioner did not appeal this dismissal.

The Petitioner filed a motion to re-open a petition for post-conviction relief on August 21, 2010. The Petitioner was incarcerated in Johnson County, but the motion was filed in the county in which he was convicted, Hamilton County. The habeas corpus court treated the motion as a petition for a writ of habeas corpus, reasoning that the Petitioner had never filed a petition for post-conviction relief, that the time for filing such a petition had passed, and that the claims of sentence illegality contained in the motion were generally appropriate for habeas corpus review. The court then summarily dismissed the petition, determining that the petition was filed in the wrong county and that the issues had been previously determined. This appeal followed.

ANALYSIS

The Petitioner initially contends that the habeas corpus court "erred in misconstruing [his] attempt to re-structure his sentence in compliance with the 1989 Sentencing Reform Act under which he is sentenced[] as an attempt to either overcome the conviction[] or to prove that his judgment is 'voidable.'" The State responds that the habeas corpus court properly treated the motion as a second petition for habeas corpus relief because the time for the filing of a petition for post-conviction relief had passed. The State further responds that his motion was properly dismissed because it was filed in the wrong county and because his claims had been previously determined.

Summary dismissal was appropriate regardless of whether the court treated the motion as a petition for post-conviction relief or as a petition for a writ of habeas corpus. We agree with the court and the State that the time for the filing of a petition for post-conviction relief had passed and that such a petition would have been untimely. Tennessee's Post-Conviction Procedure Act provides that a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2006). A trial court must dismiss any petition not filed within the limitations period. Tenn. Code Ann. § 40-30-106(b). This court affirmed the Petitioner's convictions on May 14, 1999, and his application for permission to appeal to the supreme court was denied on November 22, 1999. Other than a habeas corpus petition that was filed and denied in 2004, the Petitioner sought no further relief from his convictions until the instant motion was filed in 2010. Therefore, even if the court had treated the motion as a petition for post-conviction relief, the

---

[1]The Petitioner provided an incomplete copy of the habeas corpus court's order.

petition was untimely and would have been summarily dismissed. Additionally, the court could have simply denied the motion to re-open because the Petitioner had never actually filed a petition for post-conviction relief.

Furthermore, the failure to file a petition for a writ of habeas corpus in the county of incarceration, absent a sufficient reason for not doing so, was a proper basis for the dismissal of the petition. Tenn. Code Ann. § 29-21-105. The petition was filed in Hamilton County, the county of conviction, and not Johnson County, the county where the Petitioner was incarcerated. The Petitioner did not provide any reasons as to why he filed his documents in the convicting county as opposed to filing the documents in the county of his incarceration. Consequently, summary dismissal was appropriate because the Petitioner failed to comply with the statutory requirements for filing a petition for a writ of habeas corpus.

## CONCLUSION

In consideration of the foregoing and the record as a whole, we grant the State's motion for an affirmance pursuant to Rule 20 of the Court of Criminal Appeals and affirm the order of the habeas corpus court.

_____
D. KELLY THOMAS, JR., JUDGE